FILED

2026 May-11  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

DEMONTAYE LAMAR JONES,     ]
                                     ]

  Movant,     ]

                                     ]

v.     ]     **Case No.: 2:24-cv-8021-ACA**

                                     ]

UNITED STATES OF AMERICA,     ]

                                     ]

  Respondent.     ]

## MEMORANDUM OPINION

Movant Demontaye Lamar Jones filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, making three explicit claims: (1) the court lacked subject matter jurisdiction because the firearms charges to which he pleaded guilty violated the Second Amendment to the United States Constitution ("Claim One"); (2) trial counsel was ineffective for failing to challenge the counts in the indictment as multiplicitous ("Claim Two"); and (3) he is actually innocent because the firearms charges violated the Second Amendment ("Claim Three").[1] (Doc. 1 at 5, 9–10; doc. 3 at 3–14; *see also* doc. 4 at 2). Construed liberally, Mr. Jones also asserts that trial counsel was ineffective for failing to obtain the grand jury transcript ("Claim Four") (doc. 1 at 10), that trial counsel was ineffective for failing to pursue the actual

---

[1] The court previously denied Mr. Jones's request for transcripts, which he called "Ground Two." (Doc. 2 at 1–2).

innocence defense before Mr. Jones pleaded guilty ("Claim Five") (doc. 3 at 10), and that appellate counsel was ineffective for failing to raise Mr. Jones's actual innocence on appeal ("Claim Six") (*id.*). Mr. Jones has also moved for appointment of counsel and an evidentiary hearing. (Doc. 9).

Because Mr. Jones's claims all fail on the merits, the court **WILL DENY** the § 2255 motion and **WILL DENY AS MOOT** the motion for appointment of counsel and a hearing.

## I.    BACKGROUND

A grand jury indicted Mr. Jones on four counts. *United States v. Jones*, No. 23-114, doc. 7 (N.D. Ala. Mar. 28, 2023).[2] Count One charged Mr. Jones with possession with intent to distribute a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1). (*Id.* at 1). Count Two charged Mr. Jones with possession of three machineguns and a machinegun conversion device in furtherance of Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(B)(ii). (*Id.* at 1–2). Count Three charged Mr. Jones with possessing the same three machineguns and machinegun conversion device, in violation of 18 U.S.C. § 922(o). (*Id.* at 3). And Count Four charged Mr. Jones with being a felon in possession of seven firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). (*Id.* at 4).

---

[2] The court cites documents from Mr. Jones's criminal proceeding as "*Jones* doc. __."

2

Mr. Jones pleaded guilty to Counts One, Two, and Three in exchange for, among other things, dismissal of Count Four. (*Jones* doc. 21 at 1; *Jones* doc. 39 at 7–8, 20–21). In his plea agreement, he admitted that during a search of his residence, sheriff's deputies found more than two pounds of marijuana, baggies, scales, ammunition, seven pistols (three of which had been altered to function as machineguns), and a device that could convert a semiautomatic pistol into a machinegun. (*Jones* doc. 21 at 3–4; *see also Jones* doc. 39 (finding at the change of plea hearing that the plea agreement set forth an adequate factual basis for the offenses)). The plea agreement also contained a waiver of Mr. Jones's right to appeal or seek post-conviction relief except as to a sentence above the statutory maximum, a sentence above the advisory sentencing range, or claims of ineffective assistance of counsel. (*Jones* doc. 21 at 6–7).

The court sentenced Mr. Jones to time served for Counts One and Three and to 360 months' imprisonment for Count Two, to be served consecutively to Counts One and Three and any other sentence. (*Jones* doc. 28 at 2). The Eleventh Circuit dismissed Mr. Jones's appeal based on the appeal waiver. (*Jones* doc. 46-1).

## II.   DISCUSSION

In his § 2255 motion, Mr. Jones asserts two substantive claims and four ineffective assistance claims. (Doc. 1 at 5, 9–10; doc. 3 at 3–14). The government

3

contends that Mr. Jones's claims are procedurally barred and meritless. (Doc. 6 at 9–16).

### 1. Claim One

In Claim One, Mr. Jones asserts that because §§ 924(c) and 922(o) violate the Second Amendment, the court either lacked subject matter jurisdiction over Counts Two and Three or his convictions under those counts are invalid. (Doc. 1 at 5; doc. 3 at 7–9). The government contends that the post-conviction waiver bars this claim and that the claim fails on the merits. (Doc. 6 at 9–12, 15–16). Because this claim fails on the merits, the court will not address whether the waiver bars the claim.

Count Two charged Mr. Jones with possession of three machineguns and a machinegun conversion device in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(B)(ii), and Count Three charged Mr. Jones with possession of three machineguns and a machinegun conversion device, in violation of 18 U.S.C. § 922(o). (*Jones* doc. 7 at 1–3). Mr. Jones argues that under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), those convictions violate the Second Amendment because the government cannot show a tradition of categorically disarming felons. (Doc. 1 at 5; doc. 3 at 7–9; doc. 8 at 2, 9).

Neither Count Two nor Count Three relate to Mr. Jones's status as a felon; only Count Four, which the government dismissed in exchange for Mr. Jones's

4

guilty plea, related to that status. (*See Jones* doc. 7; *Jones* doc. 28 at 1). Accordingly, Mr. Jones has not adequately shown how *Bruen* invalidates his convictions for violating §§ 924(c)(1) and 922(o).

"[T]he leniency provided to pro se litigants does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading." *Nalco Co. LLC v. Bonday*, 142 F.4th 1336, 1341 (11th Cir. 2025) (quotation marks omitted). Nevertheless, to the extent Mr. Jones's motion and briefs could be fairly construed to argue that regulation of machineguns (which are the basis for his convictions under Counts Two and Three) could violate the test set out in *Bruen*, that argument would fail. The Eleventh Circuit recently held that "machineguns are not protected by the Second Amendment as weapons in common use for lawful purposes." *United States v. Alsenat*, No. 24-14058, slip op. at 2 (11th Cir. Apr. 21, 2026). Accordingly, because Mr. Jones's convictions are constitutional, the court **WILL DENY** Claim One.

### 2. Claim Two

In Claim Two, Mr. Jones contends that trial counsel was ineffective for failing to move to dismiss Counts Two, Three, and Four as multiplicitous on the ground that he possessed all the firearms at the same time. (Doc. 1 at 9). The government argues that this claim is procedurally defaulted and meritless. (Doc. 6 at 2, 13–15). Because this claim fails on the merits, the court will not address procedural default.

5

To prevail on a claim of ineffective assistance of counsel, Mr. Jones has to demonstrate both that (1) his counsel's performance fell below an objective standard of reasonableness and (2) he suffered prejudice because of that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984). To show deficient performance, the movant "must show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quotation marks omitted). To establish prejudice, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Mr. Jones argues that counsel was ineffective for failing to challenge the indictment as multiplicitous. (Doc. 1 at 9). "An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008). Determining whether an indictment is multiplicitous requires the court to evaluate whether a conviction for each count would violate double jeopardy. *Id.* To pass the test, "each count [must] require[ ] an element of proof that the other counts do not require." *Id.*

As an initial matter, the government dismissed Count Four at sentencing. (*See Jones* doc. 40 at 14; *Jones* doc. 28 at 1). So whether Count Four was multiplicitous of Counts Two or Three does not matter because Mr. Jones already obtained the

relief he would have obtained from any objection on multiplicity grounds. The court therefore limits its discussion to whether Counts Two and Three were multiplicitous.[3]

Count Two charged Mr. Jones with possession of three machineguns and a machinegun conversion device in furtherance of Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(B)(ii). (*Jones* doc. 7 at 1–2). The elements of that offense are: (1) knowing possession (2) of a machinegun or machinegun conversion device (3) in furtherance of a drug trafficking crime. *United States v. Williams*, 731 F.3d 1222, 1232 (11th Cir. 2013); 18 U.S.C. §§ 924(c)(1)(B)(ii), 921(a)(24); 26 U.S.C. § 5845(b). A conviction under § 924(c)(1)(B)(ii) does not, however, require that the defendant knew the firearm was a machinegun or machinegun conversion device. *United States v. Haile*, 685 F.3d 1211, 1218 (11th Cir. 2012).

Count Three charged Mr. Jones with possessing the same three machineguns and the same machinegun conversion device, in violation of 18 U.S.C. § 922(o). (*Jones* doc. 7 at 3). The elements of that offense are (1) knowing possession (2) of a machinegun or machinegun conversion device (3) that the defendant knew was a machinegun or machinegun conversion device. *See* 18 U.S.C. § 922(o);[4] *United*

---

[3] The court notes, however, that Count Four charged Mr. Jones with possessing four guns unrelated to the guns at issue in Counts Two and Three, in addition to the three machineguns at issue in those counts. (*See Jones* doc. 7 at 2–4).

[4] Section 922(o) also criminalizes transfer of a machinegun, but Mr. Jones's indictment did not charge transfer. (*See Jones* doc. 7 at 3).

*States v. Rogers*, 94 F.3d 1519, 1523 (11th Cir. 1996) (holding that a conviction under § 922(o) failed because the government failed to prove the defendant "was aware that the [gun] had been altered to operate as a fully automatic weapon").

Counts Two and Three each require an element that the other does not. Count Two requires evidence that the possession occurred in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). Count Three requires evidence that the defendant knew the firearm was a machinegun. *See Rogers*, 94 F.3d at 1523; *Haile*, 685 F.3d at 1218 (not requiring such knowledge for a conviction under § 924(c)(1)(B)(ii)). Accordingly, Counts Two and Three are not multiplicitous. *See Williams*, 527 F.3d at 1241. As a result, trial counsel was not ineffective for failing to challenge the counts as multiplicitous, nor could any deficiency have prejudiced Mr. Jones. *See Strickland*, 466 U.S. at 687–91. The court **WILL DENY** Claim Two.

### 3. Claim Three

In Claim Three, Mr. Jones asserts that he is actually innocent of Counts Two and Three for the same reasons he argued in Claim One: that the convictions are unconstitutional because the underlying statutes violate the Second Amendment. (Doc. 3 at 7–12). This claim fails for the same reasons Claim One fails. The court **WILL DENY** Claim Three.

### 4. Claim Four

8

In Claim Four, Mr. Jones asserts that trial counsel was ineffective for failing to obtain grand jury transcripts during pretrial discovery. (Doc. 1 at 10). He asserts that acquisition of the grand jury transcripts would have allowed counsel to challenge the indictment. (*Id.*).

This claim fails on the merits. The analysis of whether counts are multiplicitous depends on whether each count requires an element of proof that the other counts do not. *Williams*, 527 F.3d at 1241. Counsel therefore was not deficient for failing to obtain the grand jury transcripts because those transcripts would not have aided any challenge to the indictment. *Cf. Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim."). The court **WILL DENY** Claim Four.

5. Claims Five and Six

In Claim Five, Mr. Jones asserts that trial counsel was ineffective for failing to assert the actual innocence defense before Mr. Jones pleaded guilty. (Doc. 3 at 10). In Claim Six, Mr. Jones asserts that appellate counsel was ineffective for failing to assert the actual innocence defense on appeal. (*Id.*). Because Mr. Jones's claim of actual innocence fails on the merits, so do his claims of ineffective assistance for failing to assert the actual innocence defense. *See Freeman*, 536 F.3d at 1233. The court **WILL DENY** Claims Five and Six.

6. Certificate of Appealability

Rule 11 of the Rules Governing § 2255 Cases requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Cases, Rule 11(a). The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," or "that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 338 (2003) (quotation marks omitted). This court finds that Mr. Jones has not satisfied either standard. The court **WILL DENY** a certificate of appealability.

## III.   CONCLUSION

The court **WILL DENY** Mr. Jones's § 2255 motion. The court therefore **WILL DENY AS MOOT** his motion for appointment of counsel and for a hearing.

The court will enter a separate final order.

**DONE** and **ORDERED** this May 11, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

10